UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Ziff Davis Media Inc., et al.,[1] | ) ) ) | Case No. 08-10768(BRL) |
| Debtors. | ) ) | Jointly Administered |

**FINAL ORDER AUTHORIZING THE DEBTORS TO (A) CONTINUE TO USE THEIR CASH MANAGEMENT SYSTEM; (B) MAINTAIN THEIR EXISTING BANK ACCOUNTS; AND (C) CONTINUE TO USE THEIR EXISTING CHECKS AND BUSINESS FORMS**

Upon the motion (the "Motion")[2] of the above-captioned debtors (collectively, the "Debtors") for the entry of an order authorizing the Debtors to authorizing the Debtors to (a) continue to use their Cash Management System, (b) maintain their existing Bank Accounts and (c) continue to use their existing checks and business forms and the First Day Affidavit; it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that

    1.    The Motion is granted as set forth herein.

    2.    The Debtors are authorized to continue using their integrated cash management system as described in the Motion (the "Cash Management System").

---

[1] The Debtors in these cases include: Ziff Davis Media Inc.; Ziff Davis Development Inc.; Ziff Davis Holdings Inc.; Ziff Davis Intermediate Holdings Inc.; Ziff Davis Internet Inc.; Ziff Davis Publishing Inc.; and Ziff Davis Publishing Holdings Inc.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

3. The Debtors are authorized to: (a) continue to use, with the same account numbers, all of the bank accounts in existence as of the Petition Date, including, without limitation, those accounts identified on **Exhibit C** to the Motion (the "Bank Accounts"); (b) use, in their present form, all correspondence and business forms (including, but not limited to, letterhead, purchase orders, and invoices), as well as checks and other documents related to the Bank Accounts existing immediately before the Petition Date, without reference to their status as debtors in possession; provided, however, as soon as practicable, the Debtors will imprint "debtor in possession" on their checks going forward; and (c) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession.

4. Except as otherwise expressly provided in this Order, all banks at which the Bank Accounts are maintained (collectively, the "Banks") are authorized and directed to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor, and pay any and all checks, drafts, wires, and automated clearing house transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

5. The Debtors are authorized to open any new bank accounts or close any existing bank accounts as they may deem necessary and appropriate in their sole discretion; provided, however, that the Debtors shall continue to maintain the Segregated Account absent further Court order.

6. The requirement to establish separate accounts for cash collateral and/or tax payments is hereby waived, except that the Debtors shall continue to maintain the

Segregated Account or such other separate account for the Enterprise Group sale proceeds.

7. The Debtors are authorized to direct the Banks and the Banks are authorized and directed to pay obligations in accordance with this or any separate order of the Court.

8. The Debtors may disburse funds by debit, wire, or automatic clearing house payments and other means.

9. The Debtors may continue to allow third-party benefit providers check writing privileges in the ordinary course of business.

10. Except as otherwise provided in this Order or in a separate order of the Court, all Banks provided with notice of this Order maintaining any of the Bank Accounts shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued prior to the Petition Date.

11. As soon as practicable after the entry of this Order, the Debtors shall serve a copy of this Order on those Banks that make disbursements pursuant to the Debtors' Cash Management System.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. All time periods set forth in this Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure.

15. The requirement set forth in Rule 9013–1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

16. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March 31, 2008  /s/Burton R. Lifland
New York, New York  United States Bankruptcy Judge